

**U.S. COMMODITY FUTURES TRADING COMMISSION**

Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5120
Facsimile: (202) 418-5524
*www.cftc.gov*

Office of General Counsel

February 27, 2012

Honorable Robert L. Wilkins
United States District Court
for the District of Columbia
333 Constitution Ave., NW
Washington, DC 20001

   Re: *ISDA and SIFMA v. CFTC,* No. 11-cv-02146

Dear Judge Wilkins:

   This letter is written in response to the Court's request for clarification that the Commission's rule setting Position Limits for Futures and Swaps, 76 Fed. Reg. 71626, 71684-71699 (Nov. 18, 2011) (to be codified at 17 C.F.R. Part 151) (the "Rule") extends position limits only to those swaps that are economically equivalent to the 28 "core referenced" physical commodity futures and options contracts for which the Rule imposes limits.

   The Rule text and preamble make this clear in several places. First, the preamble states that the Rule "establish[es] federal position limits … for 28 physical commodity futures and options contracts ('Core Referenced Contracts') and physical commodity swaps that are economically equivalent to such contracts (collectively, 'Referenced Contracts')." 76 Fed. Reg. at 71626; *see also* 71629-31, 71666 & n. 394. The preamble further states that, as to swaps, those limits are imposed pursuant to section 4a(a)(5) of the Commodity Exchange Act, 7 U.S.C. § 6a(a)(5), which requires the Commission to simultaneously establish limits for those swaps that are economically equivalent to physical commodity futures and options for which speculative limits are established. 76 Fed. Reg. at 71626. Finally, the definitional section of the Rule defines the "Core Referenced Contracts" (physical commodity futures and options) and "Referenced Contracts" to which the Rule's speculative limits apply. 76 Fed. Reg. at 71685-86 (section 151.1, to be codified at 17 C.F.R. § 151.1). Referenced Contracts are defined as those swaps, swaptions, futures contracts, and options (with certain limitations) whose price is based on (*i.e.,* economically equivalent to) the price of the corresponding core referenced physical commodity futures contract. [1]

---

[1] Although the Dodd-Frank Act's amendments to the CEA also direct the Commission to impose position limits for swaps that perform a significant price discovery function, 7 U.S.C. § 6a(a)(4), the Commission did not do so in this Rulemaking. The Commission has clarified that it will do so in a separate rulemaking. 76 Fed. Reg. at 71629 n. 27. The Commission's proposed rules similarly restricted application of the position limits to swaps that are economically equivalent to the 28 "core referenced" physical commodity futures and options contracts. 76 Fed. Reg. 4752, 4753 (Jan. 26, 2011) (proposal).

        Sincerely,

        /s/ Jonathan L. Marcus

        Deputy General Counsel
        Office of the General Counsel
        Commodity Futures Trading Commission
        1155 21st Street, N.W.
        Washington, D.C. 20581
        (202) 418-5649
        jmarcus@cftc.gov

cc: counsel (by ECF)