**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERNATIONAL SWAPS AND DERIVATIVES ASSOCIATION and SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION,<br><br>                    Plaintiffs,<br><br>           v.<br><br>UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>                    Defendant. | Civil Action No. 11-cv-2146 (RLW) |

**MOTION OF BETTER MARKETS, INC.**
**FOR LEAVE TO FILE A CORRECTED *AMICUS CURIAE* BRIEF**

Better Markets, Inc. ("Better Markets") respectfully submits this Motion for leave to file the attached Corrected Brief of Better Markets, Inc. as *Amicus Curiae* in Support of Defendant Commodity Futures Trading Commission ("Corrected Brief").[1]  The sole purpose of this Motion is to correct an editing error on one page (page 8) of the original *amicus* brief filed on April 20, 2012 by Better Markets ("April 20 *Amicus* Brief").  The error was identified in Plaintiffs' Motion for Leave to Respond to Better Markets' *Amicus Curiae* Brief, filed at the end of the day on Friday, April 27, 2012.

---

[1] Pursuant to Local Civil Rule 7(m), Better Markets states that it contacted counsel for Plaintiffs and Defendant in a good faith effort to determine whether there is any opposition to the relief sought in this motion.  The Defendant has no objection to this motion.  The Plaintiffs oppose it.

As Plaintiffs noted and as set forth below, the April 20 A*micus* Brief incorrectly cited to and quoted from the case of *Entergy Corp. v. Riverkeeper, Inc.,* 556 U.S. 208 (2009), for a proposition that was actually set forth in the dissent of Justice Stevens, not the majority opinion. *See* April 20 *Amicus* Brief at 8. This was an inadvertent mistake that resulted from an editing error. Better Markets did not intentionally mischaracterize the case and it regrets the error.

This is what the incorrect April 20 *Amicus* Brief stated (immediately above the block quote and the incorrect citation to *Entergy*):

> "Indeed, the Supreme Court has declared that an agency's duty to conduct cost benefit analyses is not to be inferred lightly or without a clear indication from Congress, because that obligation can profoundly affect an agency's approach to regulation. For example:"

This is what the brief should have said and does say in the attached Corrected Brief (also immediately above the corrected block quote and corrected citation to *Entergy*):

> "Indeed, the Supreme Court has declared that an agency's duty to conduct cost benefit analysis is not to be inferred lightly or without a clear indication from Congress. *See Whitman v. American Trucking Assns., Inc.*, 531 U.S. 457, 468 (2001); *American Textile Mfrs. Institute, Inc. v. Donovan*, 452 U.S. 490, 510 (1981). That's because such an obligation can profoundly affect an agency's approach to regulation:"

*Whitman* and *American Textile* were cited elsewhere in the April 20 *Amicus* Brief and, therefore, are not new authority in the brief.

Thus, the attached Corrected Brief is the same as the April 20 *Amicus* Brief, with the exception of the date (changed from April 20, 2012 to April 30, 2012), the changes above, the

identification of the dissent of Justice Stevens, corrections to the block quote, and changes to page cites in the Table of Authorities. These corrections eliminate the errors regarding the misdescription of the dissent in *Entergy Corp. v. Riverkeep*.

For all of the foregoing reasons, Better Markets respectfully requests that it be granted leave to file the attached corrected *amicus* brief and that the Court enter the attached Proposed Order.

Dated: April 30, 2012                                                            Respectfully submitted,


/s/ Stephen W. Hall
D.C. Bar No. 366892

Dennis M. Kelleher
dkelleher@bettermarkets.com

Stephen W. Hall
shall@bettermarkets.com

Katelynn O. Bradley
kbradley@bettermarkets.com

Better Markets, Inc.
1825 K Street, NW, Suite 1080
Washington, DC  20006
Tel: (202)-618-6464
Fax: (202)-618-6465

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this Motion of Better Markets, Inc. for Leave to File a Corrected *Amicus Curiae* Brief; the attached Corrected Brief of Better Markets, Inc. as *Amici Curiae* in Support of Defendant Commodity Futures Trading Commission; and the attached Proposed Order were served this 30th day of April, 2012, upon the following counsel for Plaintiffs International Swaps and Derivatives Association and Securities Industry and Financial Markets Association and for Defendant Commodity Futures Trading Commission, by mail and email as follows:

<u>Counsel for Plaintiffs</u>

Miguel A. Estrada (by mail and email)
MEstrada@gibsondunn.com
Eugene Scalia
EScalia@gibsondunn.com
Jason J. Mendro
JMendro@gibsondunn.com
Nikesh Jindal
NJindal@gibsondunn.com
John F. Bash
JBash@gibsondunn.com

Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036

<u>Counsel for Defendant</u>

Dan M. Berkovitz (by mail and email)
dberkovitz@cftc.gov
Jonathan L. Marcus
jmarcus@cftc.gov

Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581

                                                /s/ Stephen W. Hall
                                                Stephen W. Hall,
                                                D.C. Bar No. 366892