**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERNATIONAL SWAPS AND DERIVATIVES ASSOCIATION, INC. and SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Defendant. | Civil Action No. 11-CV-2146 (RLW) |

**PLAINTIFFS' NOTICE OF REGULATORY PROPOSAL**

Dated: May 21, 2012

MIGUEL A. ESTRADA, SBN 456289
MEstrada@gibsondunn.com
EUGENE SCALIA, SBN 447524
EScalia@gibsondunn.com
JASON J. MENDRO, SBN 482040
JMendro@gibsondunn.com
JOHN F. BASH, SBN 988874
JBash@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.530.9616

*Counsel for Plaintiffs*

## NOTICE OF REGULATORY PROPOSAL

Plaintiffs submit this notice to bring to the Court's attention a Notice of Proposed Rulemaking issued by Defendant Commodity Futures Trading Commission (the "Commission") last Friday. *See* Notice of Proposed Rulemaking, Aggregation Under Part 151, Position Limits for Futures and Swaps (May 18, 2012) ("Aggregation Notice").[*] The Aggregation Notice proposes changes to 17 C.F.R. part 151 (principally § 151.7) that, if ultimately adopted, would address two discrete objections that Plaintiffs have raised with respect to the Position Limits Rule's aggregation provisions. It does not, however, propose to make any changes to the core of the Rule, including the scope of the commodities covered, the application of position limits to swaps for the first time, and the specific levels at which the limits are set.

The Aggregation Notice would make five changes to part 151, all related exclusively to aggregation:

1. Expand the exemption for aggregation where the sharing of information would violate federal law, 17 C.F.R. § 151.7(i), to apply where the sharing would violate state or foreign law. The proposed change would also clarify that this exemption applies whenever there is a "reasonable risk" that a violation of law could occur.

2. Exempt any trader with less than a 50% ownership stake in another entity from having to aggregate the owned company's positions, so long as it can demonstrate compliance with five indicia of independence (*e.g.*, that the trader does not have knowledge of the trading decisions of the owned company).

3. Expand the underwriter exemption to the aggregation requirement, 17 C.F.R. § 151.7(g), to include interests acquired through the market-making activities of an affiliated broker-dealer.

4. Exempt higher-tier corporate parents from filing requirements for aggregation exemptions if one of their subsidiaries has already made the requisite filing.

5. Expand the independent account controller exemption, 17 C.F.R. § 151.7(f), to include commodity pools structured as limited liability companies. (The current regulation applies only to commodity pools structured as limited liability partnerships.)

---

[*]  *Available at* http://www.cftc.gov/LawRegulation/DoddFrankAct/Rulemakings/ DF_26_PosLimits/ssLINK/federalregister051812b.

*See* Aggregation Notice at 42–45; *see also id.* at 56–61 (proposed regulatory language).

The Aggregation Notice represents a tacit concession that the Position Limits Rule, promulgated just seven months ago, was flawed. As Commissioner Sommers observed in a statement filed concurrently with the Aggregation Notice, the proposal shows that the Commission "recognize[s] that the final position limits rules issued on November 18, 2011 set forth an unworkable and overly restrictive approach to these issues." Aggregation Notice at 62. Indeed, the first two of the five proposed changes would belatedly address objections raised by Plaintiffs in their briefing in this Court—and conflict with arguments that the Commission has continued to make even as it was formulating the proposal.

For example, the Commission has argued in this Court that "Plaintiffs' concerns about state and foreign law violations lack merit." Defendant's Reply in Support of Mot. for Summ. J., Dkt. 55, at 23 n.28 (Apr. 23, 2012). Yet in the Aggregation Notice, the Commission correctly states that the same compelling reasons justifying an exemption for federal-law violations also support an exemption for violations of state or foreign law, *see* Aggregation Notice at 16, 18, and acknowledges that the proposal would address "concerns that market participants could face increased liability under state, federal and foreign law," *id.* at 29. This is precisely the argument that Plaintiffs have made.

Similarly, Plaintiffs have argued that the Commission offered no reasonable justification for requiring a trader to aggregate the entire position of an owned company even where the trader holds as little as a 10% interest in the company. *See, e.g.*, Plaintiffs' Mem. in Support of Mot. for Summ. J., Dkt. 31, at 43 (Mar. 23, 2012). The Commission has repeatedly replied that the 10% aggregation standard has "worked well" in the past, despite the fact that it made no effort to establish objective criteria to evaluate whether a restriction has "worked well." *See, e.g.*,

Defendant's Reply in Support of Mot. for Summ. J., Dkt. 55, at 23. The Aggregation Notice implicitly repudiates that conclusory analysis, stating that although "[a] 10 percent or greater ownership interest has served as a useful measure for aggregation, . . . the Commission has determined relief may be warranted for passive investments." Aggregation Notice at 30. The Commission is evidently no longer convinced that the 10% standard is the most effective solution to achieve its regulatory objectives.

The Aggregation Notice, if it eventually results in a final rule that amends the Position Limits Rule, would be a positive development. But it would do nothing to fix the serious decision-making flaws that lie at the heart of the Position Limits Rule, including the Commission's misinterpretation of its statutory authority, failure to conduct a meaningful cost-benefit analysis, and reliance on vague appeals to administrative experience instead of careful analysis of the connection between the evidence in the record and the decisions it made. Even if the Commission puts in place a less draconian aggregation standard, it has still failed to offer a reasonable explanation for the need for position limits for the specific commodity contracts it chose to regulate and why the particular levels it selected were necessary and appropriate.

A ruling from this Court vacating the Position Limits Rule for the significant failures in the Commission's decision-making process would give concrete guidance to the Commission on how to properly conduct the new rulemaking initiated by the Aggregation Notice, as well as any additional rulemakings related to position limits.

Dated: May 21, 2012

Respectfully submitted,

/s/ Eugene Scalia
MIGUEL A. ESTRADA, SBN 456289
MEstrada@gibsondunn.com
EUGENE SCALIA, SBN 447524
EScalia@gibsondunn.com
JASON J. MENDRO, SBN 482040
JMendro@gibsondunn.com
JOHN F. BASH, SBN 988874
JBash@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.530.9616

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of May, 2012, I caused the foregoing Notice of Regulatory Proposal to be filed and served via the Court's CM/ECF filing system.

/s/ Jason J. Mendro
Jason J. Mendro