IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL SWAPS AND<br>DERIVATIVES ASSOCIATION, INC. and<br>SECURITIES INDUSTRY AND<br>FINANCIAL MARKETS ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES COMMODITY FUTURES<br>TRADING COMMISSION,<br><br>Defendant. | Civil Action No. 11-CV-2146 (RLW) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
NOTICE REGARDING TEMPORARY RELIEF**

Plaintiffs International Swaps and Derivatives Association, Inc. and Securities Industry and Financial Markets Association hereby submit a response to Defendant Commodity Futures Trading Commission's notice informing the Court of the "No-Action Relief" issued by the Commission relating to certain aggregation requirements of the Position Limits Rule. *See* Dkt. 63 (July 24, 2012). The No-Action Relief does not delay implementation of the Position Limits Rule. That Rule is set to go into effect imminently, because the Commission and the Securities and Exchange Commission jointly promulgated a rule further defining the term "swap" on July 10. *See* Dkt. 62 (July 10, 2012). Plaintiffs' members must now be prepared to comply with key provisions of the Position Limits Rule sixty days after the "swap" definition rule is published in the Federal Register. Publication in the Federal Register is expected any day.

The No-Action Relief exempts a trader from having to aggregate its positions with those of an owned entity (i) where the trader has been advised by counsel that sharing information between the entities would violate federal, state, or foreign law; (ii) where the trader has a 50%

or lesser ownership interest in the entity and has taken reasonable steps to ensure independence; and (iii) where the trader acquires a 50% or lesser ownership interest in the entity in the normal course of business as a registered broker-dealer.  These exemptions will expire no later than the end of this year.

While this partial and temporary relief is welcome, it will not prevent the irreparable harm that Plaintiffs' members will face if the Position Limits Rule is permitted to take effect. See Dkt. 14, at 29–40 (Feb. 7, 2012); Dkt. 26, at 22–25 (Feb. 22, 2012).  For example, Plaintiffs' members must still develop and deploy real-time monitoring systems to track whether a trader's positions exceed the Rule's limits—including systems that, for the first time, have the ability to track positions in swaps, which are not traded on exchanges and therefore pose enormous technical challenges.  More fundamentally, in anticipation of the Rule's compliance date, Plaintiffs' members must ensure that their current trading strategies do not put them in violation of the Rule.  That may entail such irreversible changes as divestments, the loss of customers, and the reassignment or separation of employees.

In short, the Commission's No-Action letter—which reflects the Commission's *third* proposed approach to aggregation since promulgating its patently flawed rule, and which itself expires by year end at latest—is a temporary patch on a much larger problem.  The Rule needs to be re-considered *in toto*, with the benefit of this Court's ruling on the merits, and should be stayed in full in the interim.

In that regard, Plaintiffs note that the fact that Federal Register publication of the "swap" definition rule is imminent, and that Plaintiffs' members must be prepared to meet the Rule's requirements within as few as 61 days, means that their compliance efforts and costs will now rapidly multiply.  Plaintiffs and their members are therefore concerned that, within a short period

of time, a failure to secure a ruling on their application for a preliminary injunction against the Rule would result in the functional equivalent of a denial of that application, because Plaintiffs' members will have incurred a substantial portion of the irreparable harm that the requested injunction would prevent. *See IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 526–27 (7th Cir. 1996).

Dated: July 27, 2012

                        Respectfully submitted,

                        /s/ Miguel A. Estrada
                        Miguel A. Estrada, SBN 456289
                          *Counsel of Record*
                        Eugene Scalia, SBN 447524
                        Jason J. Mendro, SBN 482040
                        John F. Bash, SBN 988874
                        GIBSON, DUNN & CRUTCHER LLP
                        1050 Connecticut Avenue, N.W.
                        Washington, D.C. 20036
                        Telephone: 202.955.8500
                        Facsimile: 202.467.0539

                        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of July, 2012, I filed the foregoing response with the Clerk of Court for the United States District Court for the District of Columbia using the Court's CM/ECF system.

/s/ Jason J. Mendro
Jason J. Mendro